FILED
JUL 15 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Randall Todd Royer
Reg No. 46812-083
U.S. Penitentiary ADX
P.O. Box 1500, Florence, CO 81226
(Enter your full name, prison number
and address)

v.

Federal Bureau of Prisons
320 First Street NW
Washington, DC 20534
(Enter the full name and address(es),
if know, of the defendant(s) in this
action)

Case: 1:10-cv-01196
Assigned To : Kennedy, Henry H.
Assign. Date : 7/15/2010
Description: Pro Se Gen. Civil

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Instructions for filing a Complaint by a Prisoner
Under the Civil Rights Act, 42 U.S.C. § 1983

This packet contains one copy of a complaint form and one copy of an application to proceed *in forma pauperis*. To start an action, you must file an original and one copy of this complaint form.

Your complaint must be clearly handwritten or typewritten and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you may use another blank page.

Your complaint can be brought in this Court only if one or more of the named defendants is located within the District of Columbia. Further, you must file a separate for each claim that you have unless they are related to the same incident or problem. The law requires that you state only facts in your complaint.

You must supply a certified copy of your prison trust account, pursuant to the provisions of 28 U.S.C. §1915, effective April 26, 1996. The filing fee is $350.00. If insufficient funds exist in your prison account at the time of filing your complaint, the court must access, and when funds exist, collect an initial filing fee equal to 20 percent of the greater of:

(1) the average monthly deposits to your prison account, or
(2) the average monthly balance of your prison account for the prior six-month period.

RECEIVED
JUN 22 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

1

Thereafter, you are required to make monthly payments of 20% of the preceding month's income. The agency having custody over you must forward payments from your account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.

Therefore, before an assessment can be made regarding your ability to pay, you <u>must</u> submit a certified copy of your prison account for the prior six-month period.

When this form is completed, mail it and the copy to the Clerk of the United States District Court for the District of Columbia, 333 Constitution Ave., N.W., Washington, D.C. 20001.

I. SUCCESSIVE CLAIMS

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

II. PREVIOUS LAWSUITS

A. Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?   Yes ( )   No (✓)

B. Have you begun other lawsuits in state or federal court relating to your imprisonment? Yes (✓)   No ( )

C. If your answers to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit.

   Plaintiffs: Randall Royes, Griffith Chapman, Sidney Boukalle
   Defendants: B.E. Jett, Paul McNulty, Les Smith, T.R. Henry, S. Slicu, T. Coleman, Agent Grass

2. Court (If federal court, please name the district; if state court name the county.)
   Southern District of Indiana, Terre Haute Division

3. Docket number: 2:09-cv-0011

4. Name of judge to whom case was assigned: Lawrence

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) Plaintiffs were severed by Judge Sue Spate; Royer withdrew voluntarily and was dismissed without prejudice. The case is still pending for Plaintiff Bouchektey with the ACLU representing him, Civ No. 2:09-cv-wcrs

6. Approximate date of filing lawsuit: January 13, 2009

7. Approximate date of disposition: As to Royer, 6/12/2009

continued on next page

III. PLACE OF CONFINEMENT

US Penitentiary Administrative Maximum (ADX), Florence, Colorado

A. Is there a prisoner grievance procedure in this institution? Yes (✓)   No ( )
If your answer is Yes, go to Question III B. If your answer is No, skip Questions III, B, C and D and go to Question III E.

B. Did you present the facts relating to your complaint in the prisoner grievance procedure? Yes (✓)   No ( )

C. If your answer is Yes to Question III B:

1. To whom and when did you complain? I filed a BP-8 to my counselor, a BP-9 to the warden, a BP-10 to the Regional Office, & BP-11 to the Central Office

2. Did you complain in writing? (Furnish copy of the complaint you made, if you have one.) Yes (✓)   No ( )

3. What, if any, response did you receive? (Furnish copy of response, if in writing.) Relief was Denied.

4. What happened as a result of your complaint? Nothing.

D. If your answer is No to Question III B, explain why not. N/A

E. If there is no prison grievance procedure in the institution, did you complain to prison authorities?   Yes ( )   No ( )

F. If your answer is Yes to Question III E;

1. To whom and when did you complain? N/A

2. Did you complain in writing? (Furnish copy of the complaint you made, if you have one.)    Yes ( )    No ( )

3. What, if any response did you receive? (Furnish copy of response, if in writing.) N/A

4. What happened as a result of your complaint? N/A

IV. **PARTIES**

In item A below, place your name and prison number in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any.

A. Name of Plaintiff: Rendell Todd Royer  #46812-083
   Address: US Penitentiary ADX, PO Box 8500, Florence, CO 81226

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank, and their address in the fourth blank. Do the same for additional defendants, if any.

B. Defendant: Federal Bureau of Prisons
   Address: 320 First Street, NW
            Washington, DC 20534

Defendant: _____

Address: _____

Defendant: _____

Address: _____

Defendant: _____

Address: _____

## V. STATEMENT OF CLAIM

State here briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include the names of other persons involved, dates, and places. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra sheets, if necessary.

1. This is a claim for injunctive and declaratory relief alleging that the defendant has violated 5 U.S.C. § 553 of the Administrative Procedures Act (APA) by depriving Plaintiff of his right to the procedural protection of notice and comment rulemaking under the APA.

2. A report issued by the Office of Inspector General (OIG) of the Department of Justice (DOJ) stated that in July 2006, the BOP was developing a policy that would "permit it to limit the communications of inmates detained or charged with any terrorist-related activity," and that the BOP was "planning to consolidate all international terrorist inmates in approximately six institutions for enhanced management and monitoring." Report No. I-2006-009, (cont.)

## VI. RELIEF

State briefly exactly what you want the Court to do for you.

A. Accept jurisdiction of this case and set it for a hearing.
B. Declare that Defendant BOP has violated Plaintiff's right to notice and comment rulemaking under the APA;
C. Enter a preliminary injunction, later to be made permanent, enjoining BOP from implementing the proposed CMU regulations, or taking any further action on those regulations until Plaintiff and all BOP inmates receive notice of those proposed regulations and an adequate opportunity and time to submit comments to the BOP;
D. Award Plaintiff his fees, costs, and expenses.
E. Grant such other and further relief as this court deems just and proper.

Signed this ___7___ day of ___June___, 2010.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

___June 7, 2010___                    _____
(Date)                                (Signature of Plaintiff)

n:\Forms\42 USC 1983

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

## CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

Re: _Royer_____ v. _Federal Bureau of Prisons_

Civil Action No. _____

I, _Randall Todd Royer_____, Reg. No. _46912-083_,
hereby consent for the appropriate prison official to withhold from my prison account and to pay the U.S. District Court an initial fee of 20 percent of the greater of:

(a) the average monthly deposits to my account for the six-month period immediately preceding the filing of my complaint; or

(b) the average monthly balance in my account for the six-month period immediately preceding the filing of my complaint.

I further consent for the appropriate prison officials to collect from my account on a continuing basis each month, an amount equal to 20 percent of each month's income. Each time the amount in the account reaches $10.00, the Trust Officer shall forward the interim payment to the Clerk's Office, U.S. District Court, until such time as the $250.00 filing fee is paid in full.

If appropriate, I will execute the institution consent form where I am housed, which will permit the staff to withdraw the amount ordered by this court as payment for the filing fee each month until the $250.00 filing fee is paid in full.

By executing this document, I also authorize collection, on a continuing basis, of any costs imposed by the District Court.

_____
Signature of Plaintiff

_6/7/10_
Date

# UNITED STATES DISTRICT AND BANKRUPTCY COURTS
# FOR THE DISTRICT OF COLUMBIA

## NOTICE TO PRO SE LITIGANTS REGARDING
## THE COURT'S PRIVACY POLICIES

All documents that you file with the Court will be available to the public on the Internet through PACER (Public Access to Court Electronic Records) and the Court's Electronic Case Filing System.

You are responsible for protecting your identity from possible theft. You must remove certain personal identifying information from all documents **before** you submit the documents to the Court for filing. It is not the Court's responsibility to identify and remove personal identifying information from your documents before they are electronically docketed.

Under the Privacy Policy of the Judicial Conference of the United States, a litigant, whether represented by counsel or appearing pro se, **must not** put certain types of the litigant's (or any other person's) personal identifying information in documents submitted for filing to any United States District Court. This rule applies to **ALL** documents submitted for filing, including pleadings, exhibits to pleadings, and any other document submitted by any party for filing. If a litigant finds it necessary to submit a document containing personal identifying information, the litigant must "black out" or "xxxx" (redact) the personal identifying information prior to submitting the document to the Office of the Clerk for filing.

1. **Types of personal information that MUST be removed or redacted from documents before filing:**
   (a) **Social Security Numbers.** If an individual's social security number must be included in a pleading, only the last four digits of that number shall be used.
   (b) **Names of Minor Children.** If the involvement of a minor child must be mentioned, only the initials of that child shall be used.
   (c) **Dates of Birth.** If an individuals's date of birth must be included in a pleading, only the year shall be used.
   (d) **Financial Account Numbers.** If financial account numbers are relevant, only the last four digits of these numbers shall be used.

2. **Other sensitive personal information of the litigant (or any other person) that should be considered for possible removal or redaction.**

   Any personal identifying number, including a driver's license number; medical records; employment history; individual financial information; proprietary or trade secret information; information regarding an individual's cooperation with the government; information regarding the victim of any criminal activity; national security information; and/or sensitive security information described in 49 U.S.C. § 114(s).

## § II.C Previous Lawsuits

### Suit #2

1. Parties: Plaintiffs: Enaam Arnaout, Randall Royer, John Phillip Walker Lindh. Defendants: Warden, Federal Correctional Institution, Terre Haute, Indiana. (plaintiffs represented by ACLU)
2. Court: Southern District of Indiana, Terre Haute Division
3. Docket No: 2:09-cv-00215
4. Judge: McKinney
5. Disposition: Pending. (Defendant has moved to dismiss Royer on grounds of mootness due to Royer's transfer to another institution; Royer's attorney has conceded dismissal is appropriate and asked for a dismissal without prejudice to rejoining the litigation if he is returned to FCI Terre Haute. The motion is pending.)
6. Filed June 18, 2009
7. Date of Disposition: N/A

### Suit #3

1. Parties: Plaintiff: Royer. Defendants: Federal Bureau of Prisons, unknown federal agency.
2. Court: Eastern District of Virginia, Alexandria Division
3. Docket No.: 1:10-cv-146
4. Judge: Brinkema
5. Disposition: Pending
6. Date of filing: January 19, 2010
7. Date of Disposition: N/A

— END —

§V. Statement of Claim, cont.

3. On April 3, 2006, the BOP published in the Federal Register a proposed regulation titled "Limited Communication for Terrorist Inmates." The regulation would have instituted a regime of severe restrictions on the conditions of confinement of inmates who, under the new policy, the BOP would classify as "terrorist inmates." The proposed regulation included limits on those inmates' telephone use, visitation, and use of the mail.

4. The BOP's regulation drew strong objections from a wide range of civil liberties organizations, including the ACLU. Subsequently, the BOP abandoned the required notice and comment procedure as to the proposed regulation, and it was never promulgated in the Code of Federal Regulations. Instead, the BOP quietly put into practice policies and procedures substantially similar to the proposed regulation, classifying certain prisoners as "terrorist inmates" and imposing tight restrictions on their ability to communicate and on other conditions of their confinement. As a result, Plaintiff was removed from his medium-security facility and the general population, and subjected to the harsh new policy.

5. At least three lawsuits were filed against the BOP alleging that, when the BOP had abandoned the notice and comment procedures and implemented the proposed policy, the agency had violated the APA's notice and comment requirements. One of the actions was filed by the ACLU, Benkahla v. Federal Bureau of Prisons, No. 2:09-cv-00025 (S.D. Ind.),

—1—

and another by the Center for Constitutional Rights, <u>Aref v. Holder</u>, in the District of D.C. on April 1, 2010, and assigned to Judge Urbina.

6. Following these lawsuits, and, upon information and belief, as a result of them, the BOP again proposed new regulations that would permit it to operate "Communications Management Units," wherein "terrorist inmates" would be isolated, their communications severely restricted, and other conditions of their confinement also restricted. The BOP would, under the proposed regulations, be permitted to classify <u>any</u> inmate as a "terrorist," regardless of whether he was convicted of a terrorism offense, and impose these harsh conditions upon him. The deadline for commenting on these proposed regulations was June 7, 2010.

7. Plaintiff was confined in the "Communications Management Unit" at FCI Terre Haute, Indiana, from December 14, 2006, to October 2009. In October 2009, after receiving an incident report for involvement in an altercation with another inmate, the BOP transferred Plaintiff to its "supermax" facility, the ADX in Florence, Colorado. If Plaintiff had not been confined by the BOP in the CMU at Terre Haute under the policies it created in violation of

the APA, he would not have been transferred to ADX as a consequence of the incident report. Rather, at most, he would have been transferred to a Low or Medium security facility commensurate with his security level.

8. Inmates at ADX have no access to the Federal Register or any proposed federal regulations other than the closed circuit television system. ADX's Education Department posts notices on a dedicated channel concerning proposed BOP regulations that are available for inmate review, along with the date those regulations were published and the deadline for comment. Inmates may then request in writing a copy of the proposed regulations. Inmates in ADX's Special Housing Unit or under disciplinary sanctions do not have televisions in their rooms and are not able to view the notices of these proposed regulations.

9. Likewise, inmates in institutions operated by the BOP other than ADX are only made aware of proposed regulations and the deadline for comments by way of notices posted on bulletin boards in housing units and in institution law libraries.

10. Plaintiff arrived at ADX in March 2010. He was held in the ADX SHU for about two weeks before being moved to the unit in which he is currently housed. In the SHU he had no TV, whereas he currently does have a TV.

11. On the channel dedicated to notifying inmates of announcements, etc., under the heading "The following documents are available for review in the law library," several proposed BOP regulations are listed, but the proposed regulation concerning "Communications Management Units" is not listed. The proposed regulation was not listed from the date Plaintiff received a TV to the current date, June 7, 2010 — the date that the deadline for commenting on this regulation expires.

12. Upon information and belief, the Education Departments at the individual institutions operated by the BOP do not each individually consult the Federal Register and scan it for proposed BOP regulations, in order to prepare the notices that it posts for inmates to be aware of the proposed regulations and the deadlines for comments. Rather, the institutions receive notice of these proposed regulations from the BOP's Central Office or Regional Offices. Therefore, upon information and belief, ADX is not

-4-

§ V. Statement of Facts, cont.

the only BOP institution that did not notify inmates of the proposed regulation. Rather, potentially none of the inmates in the BOP's North Central Region or even in any BOP institution received notice of these proposed regulations.

13. Plaintiff was informed about the proposed CMU regulations only days before the June 7, 2010, deadline for commenting on the regulation, and he was informed about it by letter from a party outside the prison. As a result, he did not have time to research and draft any comment for submission to the BOP.

14. Because the BOP has already classified plaintiff as a "terrorist inmate" subject to confinement in a CMU, which classification also resulted in his confinement in the ADX "supermax" prison, he has a particular interest in commenting on this regulation.

15. Moreover, because the BOP can declare any inmate, regardless of the offense for which he is incarcerated, as a "terrorist inmate" merely on the basis of information it claims to receive from any source — including, presumably, jail house informants — all inmates in the BOP have an interest in commenting on this regulation, and will be subject to it.

IV. Statement of Facts, cont.

16. Because Plaintiff, having already been declared by the BOP to be a "terrorist inmate", will undoubtedly be affected by implementation of the CMU regulations with respect to his future housing in the BOP and conditions of confinement, as well as his continued "terrorist inmate" classification, Plaintiff has suffered and is in imminent danger of suffering injury in fact as a result of the BOP's failure to provide notice to him of the proposed CMU regulation.

17. Likewise, because any inmate in the BOP could potentially be subject to the proposed CMU regulations, then all inmates in institutions that did not post notices of the proposed regulations will suffer injury as a result of the failure to provide notice of those proposed regulations.

—END—