**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | )  |  |
|---|---|---|
| **RANDALL ROYER** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Nos. 10-1196 (RCL) |
| | ) | 10-1996 |
| **FEDERAL BUREAU OF PRISONS** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Before the court are motions in two cases pending before this Court. The Federal Bureau of Prisons (BOP) moves to consolidate Civil Action Nos. 10-1196 and 10-1996 and to set a briefing schedule. *See Royer v. Fed. Bureau of Prisons*, Civil No. 10-1196, ECF No. 76; *Royer v. Fed. Bureau of Prisons*, Civil No. 10-1996, ECF No. 107. BOP also moves to stay discovery in Civil Case No. 10-1996. ECF No. 109. Plaintiff has filed Oppositions to the BOP's motions for a briefing schedule, *Royer*, Civil No. 10-1196, ECF No. 79; *Royer*, Civil No. 10-1996, ECF No. 111, and to the BOP's motion to stay, *Royer*, Civil No. 10-1996, ECF No. 113. Plaintiff has also filed separate requests for a briefing schedule. *Royer*, Civil No. 10-1196, ECF No. 77; *Royer*, Civil No. 10-1996, ECF No. 108. BOP has not filed replies in support of its motions.

**I.   MOTION TO CONSOLIDATE CASES**

Plaintiff takes no position on the BOP's motions to consolidate. *See* Pl.'s Opp'n to Def.'s Proposed Briefing Schedule 1 n.1, No. 10-1996, ECF No. 111.

The Federal Rules of Civil Procedure permit courts to consolidate actions that "involve a common question of law or fact . . . ." Fed. R. Civ. P. 42(a)(2). District courts have discretion to

determine if consolidation is appropriate. *Middlebrooks v. Godwin Corp.*, 279 F.R.D. 8, 12 (D.D.C. 2011). In deciding whether to consolidate, courts must "weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated." *Nat'l Ass'n of Mort. Brokers v. Bd. of Governors of the Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011).

Consolidation is warranted here. The plaintiff's claims arise from the same general facts, involve the same parties, and are generally at the same stage of litigation. Consolidation would pose little risk of prejudice or confusion. Therefore, the Court will consolidate actions 10-cv-1196 and 10-cv-1996 into a single action, 10-cv-1196.

## II. DISCOVERY AND BRIEFING SCHEDULE

In prior opinions, this Court has expressed numerous concerns about the manner in which the government has handled and briefed these cases. In light of these concerns, on April 15, 2013, BOP requested sixty days to file a consolidated briefing schedule "in an effort to be as thorough as possible . . . ." Def.'s Mot. to Consolidate Cases and for Proposed Briefing Schedule 2, Civil No. 10-1996, ECF No. 107. BOP proposed filing a motion to dismiss and for summary judgment by June 17, 2013 with the plaintiff's Opposition and cross-motion due one month later. *Id.* at 3. In response to the proposed discovery schedule outlined by plaintiff, BOP also filed a motion in 10-cv-1996 to stay discovery. ECF No. 109.

Plaintiff requests a standard discovery schedule. As a pro se, incarcerated plaintiff, he does not have the means to conduct depositions but requests that he be permitted other authorized discovery tools, such as interrogatories. *Royer*, Civil No. 10-1196, ECF No. 77; *Royer*, Civil No. 10-1996, ECF No. 108. He also proposes to proceed in phases. Finally, he

proposes that his summary judgment motion be due four months after the court issues its discovery order. He "strenuously" objects to the defendant filing any further dispositive motions given that BOP has already filed three dispositive motions in 10-cv-1996.

BOP argues that plaintiff seeks discovery on substantive issues that may be resolved through motions without discovery and that "this Court has generally considered it to be inappropriate to engage in discovery until motions that could resolve the claims have been adjudicated by the Court." Def.'s Mot. to Stay Disc. and Opp'n to Pl.'s Mot. to Conduct Disc. 2, No. 10-cv-1996, ECF No. 109.

BOP has already filed four dispositive motions in these cases.[1] BOP cannot now complain, after three years of litigation, that it has not had the opportunity to dispose of this case without discovery. Moreover, although BOP suggests that it may dispose of the case through another motion to dismiss or motion for summary judgment, it gives no indication of the basis upon which it might argue that such a disposition is appropriate. "[A] stay of discovery pending determination of a motion to dismiss 'is rarely appropriate when the pending motion will not dispose of the entire case.'" *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3 (D.D.C. 2001) (quoting *Keystone Coke Co. v. Pasquale*, No. 97–6074, 1999 WL 46622, at *1 (E.D. Pa. Jan. 7, 1999)).

The Court will set a general schedule for discovery, but will not set a rolling timetable as requested by the plaintiff. Royer is entitled to whatever discovery devices are available to him under the Federal Rules and related caselaw.

---

[1] In 10-cv-1996, the Court rejected BOP's arguments that Royer's claim was a disguised habeas claim, that venue was proper in Colorado, and that the Court lacked subject matter jurisdiction over Royer's constitutional claims. The Court held that summary judgment was premature with respect to Royer's Privacy Act claims, that Royer had sufficiently stated a claim with respect to his procedural due process claim, but that Royer had failed to state a First Amendment claim. In 10-cv-1196, the Court held that Royer's challenge to BOP's failure to engage in notice-and-comment rulemaking survived a motion to dismiss and that Royer's challenge to BOP's failure to provide inmates an opportunity to participate in notice-and-comment rulemaking survived BOP's motion to dismiss.

### III. CONCLUSION & ORDER

Based on the foregoing, it is hereby

ORDERED that the defendant's motions to consolidate cases 10-cv-1196 and 10-cv-1996 are GRANTED with respect to the request to consolidate.  These cases will be consolidated as 10-cv-1196; and it is further

ORDERED that the defendant's motion to stay discovery is DENIED; and it is further

ORDERED that the following briefing schedule is set:

Fact discovery and any expert discovery is to be completed by August 23, 2013;

Defendant's dispositive motion is due by September 23, 2013;

Plaintiff's dispositive motion and Opposition to the defendant's motion is due October 23, 2013;

Defendant's Opposition to the plaintiff's motion and Reply in support of its dispositive motion are due October 2, 2013;

Plaintiff's Reply in support of his dispositive motion is due October 9, 2013.

SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, on May, 23, 2013.