**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **RANDALL ROYER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civ. Nos. 1:10-cv-1996** |
| | ) | **1:10-cv-1196** |
| **FEDERAL BUREAU OF PRISONS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>**ANSWER**</u>

Defendant, the Federal Bureau of Prisons (BOP) by and through undersigned counsel, hereby answer Plaintiff's Amended Complaint in Civ. No. 1196. Defendant denies each and every allegation contained in the Amended Complaint except as hereinafter may be expressly and specifically admitted.

## <u>**AFFIRMATIVE DEFENSES**</u>

Plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## <u>**PRELIMINARY STATEMENT**</u>

Defendant responds to the numbered paragraphs to Plaintiff's Amended Complaint as if set forth below:

I. Introduction

1. As to the first sentence regarding the nature of the action, the amended complaint speaks for itself and no response is required. The remaining allegations are denied.

II. Jurisdiction and Venue

2. Paragraph No. 2 of the Amended Complaint contains a statement of jurisdiction to which

no response is required; to the extent that a response is required, denied.

3.    Paragraph No. 2 of the Amended Complaint contains a statement of venue to which no response is required; to the extent that a response is required, denied.

III.    Parties

4.    Defendant admits that Plaintiff is a federal inmate in the custody of the BOP.

5.    Defendant admits that BOP is a federal agency for purposes of the APA and their headquarters are located at 320 First Street, NW, Washington, D.C.

IV.    Facts Giving Rises to the Claims for Relief

6.    Denied. Defendant further avers that there is no program statement dedicated as described. Defendant also avers that there is a proposed CMU policy that applies to anyone in a CMU.

7.    Denied.

8.    Denied.

9.    Defendant admits that it published a proposed rule in the Federal Register in April 2006, (entitled "Limited Communication for Terrorist Inmates").  Defendant further denies that it was a codification of the new policy because there was no new policy.

10.    Denied.

11.    Defendant admits that it activated the first Communications Management Unit at FCC Terre Haute, Indiana in December 2006.  Defendant admits that Plaintiff was transferred from FCC Allenwood in White Deer, Pennsylvania to FCC Terre Haute in December 2006. Defendant admits that, at the time of this transfer, Plaintiff's custody classification was medium. Otherwise, defendant denies the remaining allegations contained in this paragraph

12.    Defendant admits that not all inmates having a nexus to terrorism are housed in CMUs.

Denied as to Plaintiff's characterization of CMUs as laboratory and denies all other allegations contained in this paragraph

13.     Defendant admits that plaintiff received an incident report in 2009 for involvement in an altercation with another inmate.  Defendant admits that Plaintiff was transferred subsequent to this 2009 incident.  Defendant admits that ADX Florence has a program whereby it is possible for inmates demonstrating periods of clear conduct and positive institution adjustment to progress through a system of less-restrictive housing and increasing degrees of personal freedom and privileges.  Defendant denies that CMU is "default arrangement" for inmates with a nexus to terrorism and all remaining allegations contained in this paragraph.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

15.     Defendant admits to publishing a proposed rule entitled Communication Management Units.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.  To the extent that a response is necessary, Defendant denies the remaining allegations contained in this paragraph.

16.     Defendant admits that the Office of General Counsel distributes rules published in the Federal Register to institutions.  Otherwise, denied.  Defendant further avers that inmates may obtain proposed rules from other sources.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Paragraph 20, it consists of conclusion of law, to which no response is required.  The regulations on visiting speak for themselves.  Otherwise, denied.

21.     Paragraph 21, it consists of conclusion of law, to which no response is required.  The regulations on communication with media speak for themselves.  Otherwise, denied.

22.     Denied.

23.     Denied.  The CMU policy speaks for itself.

24.     Paragraph 24, it consists of conclusion of law, to which no response is required.  To the extent that a response is necessary, Defendant denies the allegations contained in this paragraph.

V.      Claims for Relief

25.     Paragraph 25, it consists of conclusion of law, to which no response is required.  To the extent that a response is necessary, Defendant denies the allegations contained in this paragraph.

26.     Paragraph 26, it consists of conclusion of law, to which no response is required.  To the extent that a response is necessary, Defendant denies the allegations contained in this paragraph.

27.     Paragraph 27, it consists of conclusion of law, to which no response is required.  To the extent that a response is necessary, Defendant denies the allegations contained in this paragraph.

28.     Paragraph 28, it consists of conclusion of law, to which no response is required.  To the extent that a response is necessary, Defendant denies the allegations contained in this paragraph.

29.     Paragraph 29, it consists of conclusion of law, to which no response is required.  To the extent that a response is necessary, Defendant denies the allegations contained in this paragraph.

VI.     Prayer for Relief

The remainder of the Amended Complaint consists of Plaintiff's demands for relief and therefore, no response is required.  But to the extent that any response is required, the Defendant denied that the Plaintiff is entitled to any relief whatsoever.  Defendant hereby denied all allegations not expressly admitted or denied.

Respectfully submitted,

RONALD C. MACHEN JR., D.C. Bar # 447889
UNITED STATES ATTORNEY

DANIEL F. VAN HORN, D.C. Bar No. 924092
Chief, Civil Division


____*Laurie Weinstein*____
RHONDA L. CAMPBELL, D.C. Bar No. 462402
LAURIE WEINSTEIN, D.C. Bar No. 389511
Assistant United States Attorneys
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-9519
Rhonda.campbell@usdoj.gov

Counsel for Defendant United States