## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **RANDALL TODD ROYER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Case No. 10-cv-1196 (RCL)** |
| | ) |
| **FEDERAL BUREAU OF PRISONS,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's Motion to Compel Discovery Responses [89], the opposition [95][1] and reply [97] thereto, and defendant's Motion to Limit Discovery or, in the Alternative, to Extend Time for Discovery [90], the opposition [94] thereto and the lack of a reply by the defendant.

Defendant has also filed a Motion for Entry of Protective Order [96], which plaintiff opposed, but on December 17, 2013, defendant moved to withdraw [104] its motion for protective order and filed a Consent Motion [103] for a Protective Order, which the Court granted [105] on December 20, 2013.   Defendant's withdrawal motion [104] is hereby **GRANTED**.

Plaintiff's discovery requests were served on June 19, 2013.  Defendant failed to respond on July 19, 2013, as required, nor did defendant file a motion for extension of time.  Defendant's first error, therefore, was egregious—arrogating to itself when it would respond to outstanding discovery.  Defendant's second error was just as egregious—it served responses on August 2, 2013, producing 850 pages of documents, which did not purport to be complete.  Defendant's

---

[1] Defendant's Motion for Extension of Time [92] to oppose the motion to compel is **GRANTED**, nunc pro tunc.

third error, equally egregious to the other two, was failing to move to enlarge time for producing additional documents—again arrogating to the defendant itself when it would complete production of documents.  Defendant's fourth error was on August 5, 2013, when it filed its responses to interrogatories and produced a few additional documents.  The answers to interrogatories contained no signature under oath, with untimely objections signed by counsel.  Even novices to litigation know that answers to interrogatories must be signed under oath.  Any attorney who practices before this Court should know that this Court does not tolerate discovery responses being filed on a "rolling" basis without the Court's prior approval, or being filed out of time without agreement of opposing counsel or motion approved by the Court.

Despite this egregious misconduct by defendant's counsel, plaintiff did not file a motion to compel until October 23, 2013.  Plaintiff sent a deficiency letter on August 19, 2013, and defendant's counsel did then engage in some discussions with plaintiff's counsel and promised to provide a written response to the deficiency letter.  Defendant never did.  This motion followed.

For the reasons set forth in plaintiff's reply to defendant's opposition to plaintiff's motion to compel, this Court **GRANTS** plaintiff's motion to compel [89].  It is hereby

**ORDERED** that the defendant shall respond fully to plaintiff's requests within 14 days; that all objections other than those asserting privilege are waived; that defendant's objections on the basis of law enforcement privilege are overruled; and that defendant shall sign the interrogatory responses under oath, and it is further

**ORDERED** that within 21 days of this date, defendant shall file a privilege log describing all documents withheld on any permissible claim of privilege, and it is further

**ORDERED** that any remaining dispute as to any claim of privilege shall be set forth in a new motion to compel filed within 10 days of the filing of the privilege log, and it is further

**ORDERED** that plaintiff shall submit documentation of his reasonable expenses, including attorney's fees, within 10 days of this Order.  Within 10 days thereafter, the defendant shall respond.

Defendant on October 23, 2013—over three months after its discovery responses were due (July 19, 2013)—filed [90] a motion to limit discovery or in the alternative to extend time for discovery.  Defendant totally ignores the out-of-time posture it is in, lists the material it is still in the process of retrieving, proposes no deadline for completing its discovery responses, and seeks to have the Court limit the discovery sought.  Plaintiff's thorough opposition carefully demonstrates the complete lack of merit in defendant's motion.  Defendant did not bother to file a reply.  The Court accepts the reasons set forth in the plaintiff's opposition and **DENIES** defendant's motion [90].

Defense counsel's totally incompetent handling of this discovery dispute is perhaps best exemplified by the following:  Plaintiff noted in his motion to compel (at p. 7, n. 2) that "Because BOP failed to respond to Royer's requests for admissions within 30 days of service, the matters are deemed admitted and BOP's belated attempt to deny certain matters is insufficient absent court action allowing BOP to withdraw the admissions it made by default. Fed. R. Civ. P. 36(a)(3)."  Defendant never filed any such motion to withdraw the deemed admissions.

Defendant's sneering argument that plaintiff is not prejudiced by all this delay by defendant because he remains incarcerated is beyond the Court's comprehension.  The whole point of this litigation is whether defendant can continue to single out plaintiff for special treatment as a terrorist during his continued period of incarceration.  Did any supervising attorney ever read this nonsense that is being argued to this Court?  I regret that I am away,

sitting by designation on another court with a terrible backlog, or I would hold a hearing in open court to hold the government attorneys accountable for their misconduct here.   Plaintiff's discovery efforts should not be further delayed, and requiring payment of attorney's fees will make clear that the Court totally and categorically rejects the practice of the government in this case.

It is **SO ORDERED**.

Signed by Royce C. Lamberth, United States District Judge, on January 15, 2014.