UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDALL TODD ROYER, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF PRISONS, <br><br> Defendant. | Civil Action Nos. 10-1196 (RCL) <br> 10-1996 (RCL) |

**BOP'S NOTICE OF COMPLIANCE WITH
THE COURT'S MEMORANDUM AND ORDER OF JANUARY 15, 2014**

Federal Bureau of Prisons ("BOP" or "Defendant"), by and through its undersigned counsel, respectfully submits this Notice of Compliance with the Court's Memorandum and Order of January 15, 2014 [R.106] (the "Order"). In that Order, the Court ordered BOP, *inter alia*, within fourteen (14) days to respond fully to Plaintiff's discovery requests and provide a signed certification under oath of BOP's interrogatory responses pursuant to Federal Rules of Civil Procedure ("Rules") 33(b)(1)(B) and 33(b)(5), and within twenty-one (21) days to provide a log of responsive materials withheld from production under a claim of privilege.

EFFORTS TO COMPLY WITH THE COURT'S ORDER

BOP made productions of documents responsive to Plaintiff's first set of document requests (the "Requests") in a reasonably useable electronic format (*i.e.*, Adobe PDF) on January 28 and 29, 2014, totaling approximately 850 MB of data. On January 29, 2014, BOP served Plaintiff by U.S. Mail with its written second supplement responses to the Requests, in which BOP detailed its search and collection efforts. Also on January 29, 2014, BOP served Plaintiff by U.S. Mail with amended and restated responses to Plaintiff's first set of interrogatories (the "Interrogatories") and a certification of those Interrogatories signed by a BOP representative.

- 2 -

On February 4, 2014, the United States also filed its response to Plaintiff's application for attorney's fees pursuant to the Order.

On February 5, 2014, the United States served on Plaintiff and filed with the Court its privilege log in this matter describing its withholdings under the deliberative process privilege (largely pre-decisional and deliberative communications and drafts regarding the proposed rulemakings at issue in this action), the attorney client privilege and the work product doctrine (largely conveying developments about this and other related actions).  The United States also served and filed a declaration from the Director of BOP formally invoking the deliberative process privilege.  Earlier today BOP supplemented its prior document productions with documents originally culled for inclusion in BOP's privilege log that were later determined not to be privileged.

Based on these efforts, BOP believes that it has fully complied with the Court's Oder and fully responded to Plaintiff's Requests and Interrogatories in good faith based on information available to BOP through its reasonable search and production efforts to date.  That said, consistent with the mandates of Rules 26(e) and (f), BOP will continue to review any additional materials identified as being potentially responsive in its possession, custody, and control -- including through cooperative efforts with Plaintiff and his counsel -- and will seasonably supplement its responses as needed.

STATUS REPORT ON PLAINTIFF'S CONFINEMENT

BOP also respectfully provides the Court with the following update.  In the sound exercise of BOP's discretion, Plaintiff was transferred out of the CMU into general population effective January 17, 2014.  BOP, including through its new counsel in this matter, continues to explore voluntary actions it may take regarding Plaintiff's claims to narrow the issues in dispute

- 3 -

in this action and minimize further expenditures of scarce judicial resources consistent with its mission: to protect society by confining offenders in the controlled environments of prisons and community-based facilities that are safe, humane, cost-efficient, and appropriately secure, and that provide work and other self-improvement opportunities to assist offenders in becoming law-abiding citizens.

*   *   *

BOP and Government counsel regret the inadvertent errors appropriately noted by the Court in its Order and are taking efforts to ensure that they do not occur again. BOP and Government counsel stress that BOP's failure to seek appropriate leave from the Court and create adequate documentation of prior counsel's attempts to resolve discovery disputes between the parties amicably, and without judicial involvement, was the product of negligence and oversight, but was not the product of bad faith, or lack of respect for the Court, its rules, or its orders.

Dated: February 6, 2014
       Washington, DC

Respectfully submitted,

RONALD C. MACHEN JR., D.C. Bar #447889
United States Attorney

By:    /s/
   DANIEL F. VAN HORN, D.C. Bar #924092
   Chief, Civil Division

By:    /s/
   BRIAN P. HUDAK
   Assistant United States Attorney
   555 Fourth Street, NW
   Washington, DC 20530
   (202) 252-2549

*Attorneys for the Federal Bureau of Prisons*