UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDALL TODD ROYER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FEDERAL BUREAU OF PRISONS, ) <br> ) <br> Defendant. ) <br> ) | Civil Action Nos. 10-1196 (RCL) <br> 10-1996 (RCL) |

## STIPULATION OF SETTLEMENT AND DISMISSAL

The parties, Plaintiff Randall Todd Royer ("Royer" or "Plaintiff") and Defendant Federal Bureau of Prisons ("BOP" or "Defendant") (collectively, "the parties"), by and through their respective counsel, hereby stipulate and agree and file this Stipulation of Settlement and Dismissal ("Stipulation") as follows:

1. The parties do hereby agree to settle, compromise, and dismiss the above-entitled action under the terms and conditions set forth herein.

2. The parties agree that BOP's reasonable efforts detailed in BOP's Certification of Records Modification dated June 17, 2014, to modify records and take other actions consistent with the Memorandum dated April 7, 2014, from Frank Strada, Assistant Director, Correction Programs Division, BOP to All Staff Concerned bearing the subject "Records Correction -- Randall Royer, Reg. No. 46812-083; Instructions for BOP staff to correct BOP records of inmate Royer regarding his affiliation with a Bosnian terrorist organization," is a material inducement to this Stipulation.

3. Defendant shall pay Plaintiff a lump sum of Twelve Thousand dollars and no cents ($12,000.00) and shall pay Plaintiff's attorneys Twenty-Eight Thousand dollars and no

cents ($28,000.00) (collectively, the "Settlement Amounts") in settlement of this matter pursuant to the terms described herein.

4.  Upon filing of this Stipulation, Defendant will promptly cause the documentation necessary to effectuate these payments to be completed and transmitted. Payment of sums to Plaintiff shall be made to Plaintiff's inmate trust fund account pursuant and subject to the authorities, rules, and regulations regarding such account. Payment of sums to Plaintiff's attorneys shall be made by electronic funds transfer pursuant to instructions exchanged by counsel for the parties.

5.  This Stipulation provides for the full and complete satisfaction of all claims that have been or could have been asserted by Plaintiff in the above-captioned civil actions, including without limitation all claims for compensatory damages, back pay, costs, attorneys' fees, and interest or other compensation for delay, and Plaintiff agrees not to hereafter assert any claim or institute or prosecute any civil action or other proceeding against the Defendant, the United States, their agencies or officials, or their present or former employees or agents, in either their official or individual capacities, with respect to any event complained of therein, except as provided in Paragraph 6. Plaintiff hereby fully and forever releases and discharges the Defendant, the United States, their agencies or officials, and their present and former employees and agents, in their official and individual capacities, from any and all rights and claims of every kind, nature, and description, whether presently known or unknown, that Plaintiff now has or may have arising out of or in connection with any event regarding, concerning, or related to the matters alleged in the complaints in the above-captioned actions and occurring on or before the date on which he has executed this Stipulation, except as provided in Paragraph 6. In connection with this release, Plaintiff acknowledges that he is aware that he may hereafter discover rights or

claims presently unknown and unsuspected, or facts in addition to or different from those that he now knows with respect to the rights and claims released herein.

6.  Notwithstanding the breadth of Paragraph 5, and for the avoidance of doubt, Paragraph 5 shall not apply to any claims premised upon any future actions to assign, designate, reassign, or re-designate Plaintiff to BOP facilities or custodial units (including, but not limited to, a Communications Management Unit), or to otherwise impose on Plaintiff new conditions of confinement.  Similarly, Paragraph 5 shall not apply to any claims premised upon BOP or its agents or officials taking any potential future actions concerning Plaintiff based on or in reference to information that Plaintiff contends is false or misleading in records maintained by BOP, including but not limited to information regarding the allegedly erroneous contention that Plaintiff was affiliated with a Bosnian terrorist organization or had a connection with an alleged Al Qaeda operative named Abu Zubair Al-Madani or the allegedly erroneous claim that Plaintiff had an affiliation with Al Qaeda based on his prior association with a Bosnian military unit known as Abu Zubair.  Further, Paragraph 5 shall not apply to any claims Plaintiff may have arising out of or in connection with the application of a "Greater Security" management variable to Plaintiff.

7.  This Stipulation shall represent full and complete satisfaction of all claims arising from the allegations set forth in the Complaint filed in this action, including full and complete satisfaction of all claims for costs and attorneys' fees that have been, or could be, made in this case, including, but not limited to, all claims arising from any predecessor administrative processes, litigation before this Court, and any other proceedings involving the claims raised in this action.

8. This Stipulation shall not constitute an admission of liability or fault on the part of BOP or the United States or their agents, servants, or employees, and is entered into by both parties for the sole purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

9. This Stipulation shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

10. The parties agree that this Stipulation will not be used as evidence or otherwise in any pending or future civil or administrative action against Defendant or the United States or any agency or instrumentality of the United States, except to the extent such action concerns breaches of this Stipulation.

11. Execution of this Stipulation by counsel for Plaintiff and by counsel for Defendant shall constitute a dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii) subject to the exceptions noted above in Paragraph 6, except that the Court may retain jurisdiction to enforce the terms of this Stipulation.

12. Nothing in this Stipulation constitutes an agreement by Defendant or the United States concerning the characterization of the Settlement Amounts for purposes of the Internal Revenue laws, Title 26 of the United States Code.  Plaintiff and his attorneys further acknowledge that they have not relied on any representations by Defendant or Defendant's employees or agents as to the tax consequences of this Stipulation or any payments made by or on behalf of Defendant hereunder.  Plaintiff and his attorneys shall be solely responsible for compliance with all federal, state, and local tax filing requirements and other obligations arising from this Stipulation that are applicable to Plaintiff and his attorneys, respectively.  Plaintiff takes the position that the $12,000 that Defendant will pay Plaintiff is in settlement of claims for

compensatory damages arising from actions of the Defendant alleged to be unlawful under federal or common law providing for the enforcement of civil rights, and the $28,000 that Defendant will pay Plaintiff's attorneys is in settlement of a claim for attorney's fees under a fee-shifting statute.

13.	This Stipulation contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof.  No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith.

14.	The terms of this Stipulation may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver.

15.	The parties acknowledge that the preparation of this Stipulation was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Stipulation or any term or provision hereof.

16.	Each party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Stipulation.

17.	This Stipulation shall be governed by the laws of the District of Columbia, without regard to the choice of law rules utilized in that jurisdiction, and by the laws of the United States.

18.	This Stipulation may be executed in counterparts as if executed by all parties on the same document.

*Royer v. Bureau of Prisons*      STIPULATION OF SETTLEMENT AND DISMISSAL

Respectfully submitted,

FOR PLAINTIFF RANDALL TODD ROYER:

By: _/s/ Michael T. Kirkpatrick_    Date: 6/19/14
MICHAEL T. KIRKPATRICK
DC Bar No. 486293
JEHAN A. PATTERSON
DC Bar No. 1012119
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Attorneys for Plaintiff Randall Todd Royer*

By: _/s/_    Date: 6/16/14
RANDALL TODD ROYER
Inmate Register No. 46812-083
Petersburg Medium FCI
1060 River Road
Hopewell, VA 23860

*Plaintiff*

FOR DEFENDANT FEDERAL BUREAU OF PRISONS:

RONALD C. MACHEN JR., D.C. Bar #447889
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: _/s/ Brian P. Hudak_    Date: 6/19/14
BRIAN P. HUDAK
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530
(202) 252-2549

*Attorneys for the Federal Bureau of Prisons*

SO ORDERED this \_\_\_\_ day of _____, 2014.

_____
HON. ROYCE C. LAMBERTH
United States District Judge